[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO OPEN JUDGEMENT
The motion is granted. This motion raises four items that will be addressed in order.
1. The court failed to make an order regarding life insurance. The defendant has furnished an affidavit signed on CT Page 4898 April 14, 1999, filed as an amendment to the financial affidavit filed at the time of trial, listing his life insurance as follows:
Insured Company Face Amount
Defendant N.Y. Life $300,000.00 Defendant N.Y. Life $360,000.00
Neither policy has any cash value. His employer deducts $6.44 weekly from his salary.
Therefore, the memorandum of decision dated January 12, 1998 is amended to add the following order:
"8. The defendant shall name the children of this marriage, as a group, the primary beneficiaries of his life insurance provided by his employer, which totals $600,000.00 face value. The coverage for the children shall remain in effect until he is no longer liable for child support. This order is not to be considered a division of assets, is subject to future modification and is ordered as security for lost child support in the event of the defendant's untimely death.
The plaintiff shall name the children of this marriage, as a group, as primary beneficiaries of the plaintiff's life insurance provided by her employer on the same terms and conditions as ordered for the defendant supra."
2. The court adds the following order to the memorandum of decision regarding health insurance premiums paid by the plaintiff so insurance would remain in force during the time the defendant failed to maintain such insurance.
"9. The defendant shall reimburse the plaintiff the sum of $740.00 representing 37 weeks at $20.00 weekly paid by the plaintiff to maintain health insurance. The defendant shall pay at the rate of $50.00 weekly commencing on May 14, 1999."
3. The plaintiff questions the deviation made in ordering $50.00 weekly rather than $82.00 which is 20% of the current order. The court cites section 46b-215a-5(b)(2) other equitable factors in ordering the mosaic of the financial orders.
4. This item was denied at the hearing on this motion. CT Page 4899
HARRIGAN, J.